## * COMMONWEALTH *versus* LEACH & AL.

An indictment for poisoning cattle is within the jurisdiction of the Court of Sessions.

THE defendants were indicted in the Court of General Sessions *for poisoning a cow*, the property of *A. B.* Being convicted in *that* court, they appealed to *this*, and at the last term thereof were found guilty by the verdict of the jury. The indictment was at common law.

*Bliss* moved in arrest of judgment on the ground that the Court of Sessions had not jurisdiction in the case.

He said that this was a common law offence, and so laid in the indictment; that justices of the peace were officers not known to the common law, but were created by statute, and of course all their powers were given by statute; and that none of our statutes

nad given them jurisdiction over the offence charged in the indict-
ment. And he cited 4 *Com. Dig. Title, Just. of the Peace,* B. 1,
and 1 *Salk.* 406.

*Hooker,* for the prosecution, conceded that justices of the peace
were officers created by statute, and that their jurisdiction and pow-
ers were wholly dependent upon the statutes; 2 *Hawk. P. C. c.* 8,
§ 13, &c. But he contended that their jurisdiction *here* was not
limited to those offences which are expressly, and by *name* in *our
own* statutes, made cognizable by them; on the contrary, that it
extended to all cases in which justices of the peace in *England* had
jurisdiction by any of the statutes of that country which were
passed previous to the emigration of our ancestors; which were to
be considered as a part of *our* common law; that this was strongly
implied in the act for establishing Courts of General Sessions of the
Peace, passed July 3, 1782, (*stat.* 1782, *c.* 14,) by the *first section*
of which "they are empowered to hear and determine all matters
                    relative to the conservation of the peace, and the punish-
[ * 60 ] ment of such offences as are cognizable *by them at *com-
                    mon law,* or by the acts and laws of the legislature, and to
give judgment, &c. In *this* act, the term *common law* cannot mean
the common law of *England,* because justices of the peace *there*
are not common law officers; it must, therefore, mean *our* common
law; and on *this* subject, *our* common law must be precisely what
the *statute* law of *England* was at the time of the emigration of our
ancestors from that country. The statutes which were previous to
that time enacted in *England,* and which define or describe the
authorities, powers, and jurisdiction of justices of the peace, give to
them, expressly, cognizance of divers offences which were offences
at common law; among which are trespasses. The present indict
ment is for a trespass, and, therefore, within the jurisdiction of the
Sessions.—2 *Hawk. c.* 8, § 33, 38, 39.—3 *Burr.* 1320, *Rex* vs.
*Rispall.*—1 *Lev.* 139, *Rex* vs. *Sommers & Al.*

*Bliss,* in reply, conceded that if the *stat.* of *Ed.* 3, which gives
jurisdiction to justices of the peace in *England,* is adopted, and
makes part of *our* common law, the objection to the indictment was
unfounded; otherwise that it ought to prevail.

THACHER, J. I am of opinion that the statutes of 1 *Ed.* III. *c.*
16, and 34 *Ed.* III. *c.* 1, respecting the jurisdiction and powers of
justices of the peace have been adopted, used, and approved *here,*
and are to be considered as part of *our* common law; that the
offence charged in the indictment is cognizable by the Court of
Sessions, and, therefore, that judgment ought not to be arrested.

SEDGWICK, J. Justices of the peace, whether acting individually
or in sessions, are creatures of statute; and their powers are given

them by the statutes.—2 *Hawk.* 61, 8.—It appears to me, generally speaking, that the *English statutes* which were in force at the time of the emigration of our ancestors from that country, are common law *here.*    * The statutes of *Ed.* III. have been  [ * 61 ] adopted and practised upon *here,* and are, therefore, to be considered as part of our common law.  This is decisive of the question before the Court, as the offence charged in the indictment is, by those statutes, within the jurisdiction of the Sessions.

STRONG, J.   I have no doubt upon the question.  Justices of the peace have exercised this authority for a long time ; certainly as far back as the memory of any of us reaches, probably much farther ;. which affords a strong presumption that the statutes of *Ed.* III. have been considered as common law *here.*  Usage in like points has always been taken **as** evidence of what is our own law—common law.

DANA, C. J.   The term *common law* ought not to be construed so strictly as is contended for by the counsel for the defendant.   Generally when an *English statute* has been made in amendment of the common law of *England,* it is *here* to be considered as part of *our* common law.  For instance, the statute of 7 *Ja.* I. *c.* 5, and 21 *Ja.* I. *c.* 12, giving double costs to an officer who is sued out of his county, for any thing done by him in the execution of his office, being made in amendment of the common law, is adopted here, and is part of our common law.  So also the *statute of Anne,* respecting negotiable notes.  Usage of the country establishes and makes the common law of the country.  No one, probably, can recollect the period when the Courts of Sessions have not exercised the authority which is now excepted against.  Justices of the peace have this authority expressly given them in their commissions.  It appears to me that they have uniformly exercised it, and that without being questioned ; and, therefore, that the law is to be considered as settled.   *Per Cur.·* unanimously. (*a*)

*Motion overruled.*

See 2 *East, Rep.* 5, *Rex* vs. *Higgins.*

(*a*) [*Commonwealth* vs. *Leach,* 3 *Mass.* 59.—*Blankard* vs. *Galdy,* 2 *Salk.* 411 ; 2 *Peere Williams,* 75 —*Campbell* vs. *Hall, Cowp.* 204.—Case of Sir *Thomas Picton,* 30 *How. State Trials,* 903.—*Attorney-General* vs. *Stewart,* 2 *Meriv.* 143.—*Commonwealth* vs. *Knowlton,* 2 *Mass.* 534.—*Van Ness* vs. *Paccard,* 2 *Peters, S. C. R.* 144.—*Wilford* vs. *Grant, Kirby,* 114.—*Terrett & Al.* vs. *Taylor & Al.,* 9 *Cranch.* 43.—*The Town of Paw-let* vs. *Clark,* 9 *Cranch.* 242.—*Glass Factory* vs. *Reid,* 5 *Cow.* 587.—*State* vs. *Buchanan & Al.,* 5 *Har & Johns.* 356.—ED.]