WILLIAM H. THOMPSON, Respondent, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 9, 1894.

1. **Gratuitous Bailment:** BURDEN OF PROOF. In cases of gratuitous bailment, proof of the deposit, and of a demand and refusal of the article deposited, establishes *prima facie* the liability of the depositary to the depositor.

2. **Evidence:** COMPETENCY OF ADMISSIONS BY AGENT OF RAILWAY COMPANY. In an action against a railway company for the loss of a trunk, left by the plaintiff with such company for storage prior to an intended transportation of it as his baggage, statements in reference to the loss, made to the plaintiff by the agent of the company who received the trunk, are competent evidence against the company.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Edward D. Kenna, L. F. Parker* and *H. S. Abbott* for appellant.

*James Booth* for respondent.

Bond, J.—Action against the defendant as warehouseman for the value of a trunk and contents, alleged to have been lost through its negligence. The facts are undisputed.

In January, 1893, the defendant was a railroad corporation, and owned a certain warehouse at Sullivan, Missouri, used for the storage of baggage, freight, etc., delivered to it for future transportation.

The plaintiff was moving from Sullivan, Missouri, to Moselle, Missouri. The day before he took the train, he employed one Cary to haul his household goods and trunk to defendant's depot. Several loads were taken, and in one load the trunk in question. When the teamster delivered the load containing the trunk and other goods, he was told by defendant's agent to deposit them upon the platform of the depot, which was done. The teamster then handed the agent a memorandum containing a list of the goods in the load. One item on the list was to wit: "One trunk to be checked to-morrow." The agent handed the memorandum book back to the teamster.

The next day the plaintiff went to the depot to take passage for Moselle, Missouri. He asked for two tickets for that point, and two checks. He brought one trunk with him. The agent received the money for the tickets, and made out one check and started out on the platform to check the trunk which plaintiff had brought that morning.

The plaintiff called his attention to the fact, that he (the agent) had only one check, while there were two trunks to be checked. The agent replied that plaintiff had only one trunk; that the trunk, which had been sent in the day before, had been lost; that it was a large, heavy trunk, and was brought in there and placed on the platform; that it was not easy to be

managed by one man; that he had left it on the plat-
form, where he supposed it would be safe, until time to
go to his supper, and that when he came back, the
trunk had been stolen.

It further appeared in evidence that, the day after
the delivery of plaintiff's trunk, defendant's freight
agent informed the city marshal that the trunk had
been lost the night before, saying: "I left it on the
depot with the intention of taking it in after supper or
before or about that time, but I forgot it and went to
my supper, and when I came back, it was gone." The
other goods delivered by plaintiff were safely carried to
Moselle.

The trunk was never recovered, and the value of
contents was shown to be about $300, of which $200
consisted of wearing apparel. The jury returned a
verdict for $200 in favor of plaintiff. From the judg-
ment rendered thereon this appeal is taken.

The errors assigned are the overruling by the court
of defendant's demurrer to the evidence, and excep-
tions to the admission of testimony.

The first assignment can not be sustained, unless
every reasonable inference arising from the facts com-
petently proved excludes a recovery. There was some
evidence in the case tending to show that the defendant
was a gratuitous bailee of the trunk (*Van Gilder v.
Railroad*, 44 Iowa, 548; *Watts v. Railroad*, 106 Mass.
466; *Michigan, etc., R'y Co. v. Shurtz*, 7 Mich. 515) and
the fact that it was such bailee, is conceded by the
defendant in this court.

The evidence in this case shows a loss under cir-
cumstances tending to make a *prima facie* case of negli-
gence on the part of defendant. Such a presumption
might have been drawn by the triers of the fact from
the evidence showing that defendant provided a ware-
house for the reception of baggage and freight, which

in the ordinary course of things would secure goods stored therein from loss, and that the *portion* of plaintiff's shipment, which had been placed in this warehouse, was safely restored.

The law as to the presumption of negligence of a gratuitous bailee arising from given facts has been thus stated by the supreme court: "The depositor makes out a *prima facie* case, when he shows a deposit made, and a demand and refusal of the thing deposited. The *onus* is then upon the depositary to exonerate himself from the liability, which attached when he assumed the custody of the article with which he was entrusted." *Weiser v. Chesley*, 53 Mo. 547; *Kincheloe v. Priest*, 89 Mo. 240; *Huxley v. Hartzell*, 44 Mo. 370.

The statements of defendant's agent as to the loss of the trunk were not essential to a *prima facie* case for plaintiff. That the loss occurred was conceded, and it was for the defendant to explain it. As far as such statements were made by the agent to the plaintiff, they were clearly admissible. *Green v. Railroad*, 128 Mass. 221; *Railroad v. Campbell*, 36 Ohio St. 647. And there are cases which go to the extent of making the statement made by the agent to the police officer likewise admissible. *Brewery Co. v. Railroad*, L. R. 9 Q. B. 468. As the latter statement, however, was purely cumulative, even its erroneous admission would not necessarily furnish ground for reversal of a judgment otherwise well supported by the evidence.

The verdict and judgment herein, being manifestly for the right party, is affirmed. All concur. Judge BIGGS concurs in the result.