WALTER C. BASKETT, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 4, 1907.

1. PASSENGER CARRIERS: Crowded Car: Contributory Negligence: Instruction. An instruction relating to the plaintiff's negligence in boarding and riding on an overcrowded car is reviewed and held not to take from the jury the question of his negligence in riding on the car but to have properly submitted said question.

2. ————: Contributory Negligence: Stopping for Passengers: Invitation: Judicial Notice. It is not negligence as a matter of law for a passenger to ride on the platform of a street car, nor to have boarded a car without special invitation; and courts take judicial notice that cars stop at street crossings to let off and take on passengers, and such stoppage is in the nature of a general invitation to board the car, whether crowded or otherwise.

3. ———: Evidence: Speed: General Allegations:   Negligence. Under a general allegation of negligence in the operation of a street car evidence of the excessive speed is admissible, especially where no objection is taken to the general pleading at the trial.

4. ———: Instructions: Practice. It is proper to refuse an instruction which is identical with one given.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White* for appellant.

(1) The court erred in giving instruction numbered 2-P for plaintiff. The question as to whether plaintiff was guilty of negligence in riding on an overcrowded car was one for the jury and not for the court. 1 Thompson on Negligence, sec. 425; Corum v. Railroad, 113 Mo. App. 635; Mitchell v. Railroad, 108 Mo. App. 142; Groom v. Kavanaugh, 97 Mo. App. 362. (2) The court erred in giving instruction numbered 1 for plaintiff. (3) The court erred in refusing defendant's instruction "9-D." Even though the same principle may have been incorporated in a general instruction, defendant was entitled to have it given in this concrete form. Murray v. Transit Co., 176 Mo. 191; Zimmerman v. Railroad, 71 Mo. 476; Campbell v. Railroad, 175 Mo. 185; Wilmott v. Railroad, 106 Mo. 535.

*Boyle, Guthrie & Smith* for respondent.

Filed argument.

BROADDUS, P. J.—The plaintiff claims to have been injured on the 18th of January, 1905, as the result of the negligence of defendant while he was a passenger on one of the defendant's streets cars, for which he

claims damages. His evidence was that he boarded the car in question at Eighth and Walnut streets in Kansas City, Missouri, and took a position on the rear platform because the car was in a crowded condition; that the conductor made no objection to his riding on the platform; that after the car had gone about a half mile, and when it arrived at Woodland avenue, at which point there is a curve in the defendant's tracks, it suddenly lurched forward, which had the effect of throwing him off and onto the street. His testimony was that he was exercising ordinary care. The defense was a general denial and a plea of contributory negligence: the contention of defendant being that plaintiff was guilty of negligence in riding on a crowded car, whereas he should have waited for another. The plaintiff recovered judgment for $1,250 and defendant appealed.

The question arising on the appeal is the alleged error of the court in giving and refusing instructions. Instruction two given for plaintiff is as follows: "You are instructed that it is not necessarily negligence for a man to enter and ride on the rear platform of an electric car, even though the same is crowded at the time he enters and while he is riding on the same; but the question of whether or not such passenger is negligent, depends on the circumstances. And if you believe from the evidence that defendant owned and operated the car in question and that plaintiff took passage thereon and that such car was crowded with passengers, and that it stopped when in such crowded condition and plaintiff and one or more persons thereupon boarded said car as passengers without objection by the defendant, then plaintiff was not guilty of negligence in boarding said car and remaining thereon in the position in which he claims he was when injured unless the danger in so doing was so obvious that a reasonably prudent person would have refrained from doing so, and unless after he boarded said car he failed to exercise such care as would

have been exercised by an ordinarily prudent person under the same or similar circumstances." The objection to the instruction is that it took away from the jury the question whether plaintiff was guilty of negligence in riding on an overcrowded car. If the instruction is what defendant claims it to be, under all the authorities it ought not to have been given. But a careful examination has convinced us that defendant is mistaken as to the effect of said instruction.

But the more specific objection is made that it is erroneous in that it omits an important element, which, if it did not exist, plaintiff was not entitled to recover, viz.: That at the point where plaintiff got aboard, it *stopped for the purpose of taking on passengers.* The objection would probably be well taken if as a matter of law it is negligence for a person to board and ride on the platform of a car, but such is not the law. It has been held that it is not negligence for a passenger to ride on the platform of a steam railroad when the company failed to provide room inside sufficient for the accommodation of its passengers. [Choate v. Railway, 67 Mo. App. 105.] In that case, however, the statute provided that if a passenger violated a rule of the company forbidding passengers to ride on the platform of its cars, except when it failed to provide sufficient room inside, he could not recover. But generally speaking, the court said: "The mere circumstance, then, that plaintiff was, at the time, on the platform, will not be held as conclusive proof of negligence on his part." And the principle is announced in Kreimelmann v. Jourda, 107 Mo. App. 64. And in Gerstle v. Railway, 23 Mo. App. 361, it is held that, 'It is not negligence, as a *matter of law,* that a passenger should be or remain on the platform of a car for a time, though there be seats inside, in the absence of a regulation against it . . ."

If it was not negligence as a matter of law for plaintiff to ride on the platform of the car, for a similar

reason it was not negligence as a matter of law for him to have boarded it without special invitation to do so. The court takes judicial notice that in the operation of street cars they stop at street crossings for the purpose of letting off and taking on passengers, and that such a stoppage is in the nature of a general invitation to all persons who desire passage to get aboard, whether the car be crowded or otherwise. And if a passenger boards a car at such crossing while crowded, and takes a position on the platform, it must be presumed that he does so, with the consent of the conductor.

And we know of no reason why a passenger may not board a car while it is standing although it be not a usual place for taking on and letting off passengers, if there are no circumstances going to show that the act was negligent, for it is well known that cars do stop to let off and take on passengers at such places, although it is not usual or ordinary to do so. And in such cases it is the duty of the conductor to see and know that persons are getting on or off his car. But as the plaintiff got on at a street crossing where passengers usually get on and off the cars, that question is not pertinent to this inquiry.

Objection is also made to instruction one given for plaintiff for the reason that he is permitted to recover on the ground of excessive speed when there is no allegation in the petition that the car was going at an excessive rate of speed. It is true there is no specific allegation in that respect, but there is a general allegation in the petition that the injury was caused by reason of defendant's negligence, "in the construction, maintenance and operation of said line and car." A general allegation of negligence is at least sufficient unless objected to before trial. [Johnson v. Railroad, 104 Mo. App. 588; Conrad v. DeMontcourt, 138 Mo. 311.]

The court refused to give instruction nine requested by defendant. The same instruction in almost identical

language was given in defendant's instruction numbered five, as much so as if the one had been copied for the other line by line and word for word.

We find no error in the record. The cause is affirmed. All concur.