GEORGE B. FISHER, Appellant, v. THE PULLMAN COMPANY, a corporation, Respondent.

St. Louis Court of Appeals.    Opinion Filed June 22, 1923.

1. **EVIDENCE: Sleeping Car Companies: Baggage; Lost or Stolen: Declarations of Porter: Res Gestae: Admissibility.** In a suit against a sleeping car company by a passenger for loss of his travelling bag and contents placed under the berth occupied by him, relative to the care of baggage and effects so brought into the sleeping car, the sleeping car company became a *quasi*-bailee for hire and *quasi*-watchman, and charged with the duty of watchful care so that baggage may not be lost through inattention, and the plaintiff's baggage having disappeared, an accounting was properly demanded of the porter for the property so placed in his *quasi*-care, he being the proper person from whom to seek the account, and it became his duty to make a search, and while making the search, within the scope of his employment, during the continuance of the agency in relation to the transaction then depending, a declaration by him is made *dum fervet opus*, in the heat of action, and constitutes part of the *res gestae.*

2. ———: ———: ———: ———: **Within Scope of Employment: Admissible as Showing Knowledge of Danger of Theft and Fixing Duty of Diligent Watch.** In a suit against a sleeping car company by a passenger for loss of his travelling bag and contents, in view of plaintiff's testimony that during the night he several times heard people passing through the aisle of the car, statements of the porter the next morning while helping plaintiff to search for his baggage that when they let people go through the aisle of the car continually as they did last night he could not be expected to keep a watch on the passengers, was admissible to show the porter's knowledge of the danger of theft and to fix upon him the duty of diligent watch.

3. **NEGLIGENCE: Bailments: Sleeping Car Companies: Duty to Keep Reasonable Watch Over Baggage: Liability.** A sleeping car com-

pany, with respect to the baggage and effects brought into the car by the passenger upon invitation to disrobe and sleep, is neither an innkeeper, common carrier, nor insurer, but is liable for negligence which arises when it fails to keep a reasonable watch over the baggage and effects of the passenger.

4. INSTRUCTIONS: Negligence: Sleeping-Car Companies: Baggage: Lost or Stolen: Instruction Stating Abstract Proposition of Law Not Applicable to Facts: Misleading. In a suit against a sleeping car company by a passenger for loss of baggage, where plaintiff, by showing negligence on the part of defendant in that the porter failed to keep a reasonable watch, had shown more than mere loss or theft, an instruction that it was not enough for the plaintiff to show that he was rightfully traveling in one of defendant's sleeping cars, and while so traveling certain valuables belonging to him were lost or stolen, was not applicable to the facts and was misleading.

5. ———: ———: ———: ———: ———: Evidence: Instruction Casting Burden of Proof on Plaintiff: Erroneous. In a suit against a sleeping car company by a passenger for loss of baggage, where plaintiff produced evidence of a failure to watch on the porter's part, defendant had the burden of explanation and was forced to meet the evidence, hence an instruction casting such burden of explaining the loss on plaintiff, was error.

6. ———: ———: ———: ———: ———: Instruction for Defendant Failing to Take Into Account Burden of Explanation Cast by Evidence: Erroneous. In a suit against a sleeping car company by a passenger for loss of baggage, where proof of negligence in failing to keep a reasonable watch was produced, an instruction that the defendant was not an insurer of plaintiff's baggage and a mere loss did not make it liable, while abstractly stating a correct proposition of law, was misleading and erroneous, as the instruction failed to take into account the burden of explanation cast by the evidence on defendant.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Charles B. Davis*, Judge.

REVERSED AND REMANDED.

*Albert E. Hausman* for appellant.

(1) The court erred in excluding the statement of defendant's porter, that he could not keep watch on pas-

sengers' baggage when they (the company) let people go through the aisle of the car continually, as they did on the night in question. It was a statement made while the porter was in the discharge of his duty to find and restore plaintiff's hand bag, and therefore a part of the *res gestae.* Hampton v. Pullman Co., 42 Mo. App 134; Levi v. Railroad, 157 Mo. App. 536, 545; Thompson v. St. Louis & S. F. Ry. Co., 59 Mo. App. 37, 40; McDermott v. Hannibal & St. J. R., 87 Mo. 285; Bergman v. Indianapolis, 104 Mo. 77; Adams Expr. v. Berry, 35 App. Dis. Columbia, 208; Morse v. Connecticut Railroad, 6 Gray (Mass.) 450; Lane v. Boston R. R., 112 Mass. 455. (2) The statement of defendant's porter that he could not watch the baggage if they (the company) permitted people to go through the car, was admissible to show his knowledge of the danger of theft, and fix upon him the duty of a constant watch while people were passing through the aisle, in view of the testimony of plaintiff that people had been passing through the car during the night. Chapman v. Erie R. R., 55 N. Y. 583; Louisville & Nashville v. Mothershed, 197 Ala. 261; Elledge v. National City, 100 Cali. 282; Baird v. Howard, 89 Tenn. 584; Union Central Life Ins. Co. v. Pollard, 94 Va. 146; Olson v. Seldovia Salmon Co., 88 Wash. 225; Kidd v. Pill and Medicine Co., 91 Iowa, 261; 8 Encyclopedia of Evidence, pages 16-18; Woodruff v. Diehl, 84 Indiana, 474; Carpenter v. New York, 124 N. Y. 53; 22 C. J. 284, par. 302. (3) The court erred in giving and reading to the jury defendant's instruction No. 2. Bevis v. B. and O., 26 Mo. App. 19; Scaling v. Pullman, 24 Mo. App. 29; Root v. Sleeping Car Co., 28 Mo. App. 199; Goldstein v. Pullman Co., 220 N. Y. 549; Kates v. Pullman, 95 Ga. 810; Pullman v. Schaffner, 126 Ga. 609; Pullman v. Freudenstein, 3 Colo. App. 540; Robinson v. Southern R. Co., 40 App., Dist of Col., 549. (4) The court erred in giving and reading to the jury defendant's instruction No. 3. Same authorities as cited under Point 3. (5) The court erred in refusing to set aside the

verdict of the jury because it was without any evidence to support it. (6) The jury misunderstood the instructions of the court. Therefore, the verdict should have been set aside.

*Lehmann and Lehmann* and *Thos. R. Reyburn* for respondent.

(1) Testimony of plaintiff concerning statements of the porter were properly excluded as "hearsay." Such statements are neither admissible as declarations or as part of the *"res gestae."* Gotwald v. Transit Co., 102 Mo. App. 492; Barker v. Railroad, 126 Mo. 143; McDermott v. Railroad, 73 Mo. 716; Rodgers v. McCune, 19 Mo. 558; Aldridge v. Furnace Co., 78 Mo. 563; Bevis v. Railroad, 26 Mo. App. 19; Corbett v. Railroad, 26 Mo. App. 621; Koenig v. Union Depot Co., 173 Mo. 698. (2) It was not the duty of porter to find and restore plaintiff's hand bag: (a) He being merely required to exercise ordinary care in guarding a passenger's effects. Dings v. The Pullman Co., 171 Mo. App. 643; Efron v. Wagner Palace Car Co., 59 Mo. App. 641; Root v. N. Y. Central Sleeping Car Co., 28 Mo. App. 199. (b) And consequently the statement was not made while discharging the duty to find and restore plaintiff's hand bag. (3) The excluded testimony merely attempted to show people passed through the aisle during the night. This is a matter of common knowledge and as the plaintiff so testified the evidence is merely cumulative. Appellant's abstract, page 4. (4) The excluded testimony, if anything, favored defendant, as it tended to prove the porter did all that was humanly possible. Appellant's abstract, page 6. (5) Defendant's instruction No. 2 has been approved by the court. Bevis v. B. & O. R. R. Co., 26 Mo. App. 19. (6) Defendant's instruction No. 3 was based on the law and decisions of this State. Dings v. The Pullman Co., 171 Mo. App. 643; Root v. Sleeping Car Co., 28 Mo. App. 199. (7) Even though the evi-

dence is undisputed, if fairminded persons of ordinary intelligence might differ as to the inferences to be drawn therefrom, negligence is a question of fact for the jury. Gratiot v. Railway, 116 Mo. 450; Combs v. City of Kirksville, 134 Mo. App. 645; Schwyhart v. Barrett, 145 Mo. App. 332; Shamp v. Lambert, 142 Mo. App. 567; Johnson v. Ice Co., 143 Mo. App. 441; Munro v. Railroad, 155 Mo. App. 710; King v. Railroad, 143 Mo. App. 279. (8) Parties on appeal are bound by the theory in the trial court. Plaintiff's petition and given instruction submitted the question of negligence to the jury as a question of fact. The findings of fact of a jury are conclusive on appeal. Grimes v. Cole, 133 Mo. App. 522; Appellant's Abstract and Brief, pages 7-8-9; Diamond v. Mo. Pac. Ry. Co., 181 S. W. 12.

DAVIS, C.—Plaintiff instituted suit in a justice court of the city of St. Louis, on November 13, 1920, for loss of his traveling bag and contents, of the alleged value of $91.90, while a passenger on defendant's sleeping car between Texarkana and Tyler, Texas.

The cause was tried in the justice court, and thereafter in the circuit court *de novo* before a jury on the direct and cross-examination of plaintiff alone. The verdict and judgment being for defendant, plaintiff appeals.

The plaintiff on the night of October 15, 1920, having purchased both a railroad and Pullman ticket, became a passenger on the car of the defendant Pullman Company at Texarkana. The porter met him at the door of the car, took his hand-bag, led him to his berth already made up, placing the hand-bag beside or opposite the berth. Taking a few articles from it, plaintiff placed the bag under the berth occupied by him and closed the curtains, which extended to the floor. The sleeping car in which plaintiff was riding was sandwiched between two other cars. The next morning on arising at 5:30 a. m., he looked for his traveling bag, was unable to find it, and then proceeded toward the

end of the car, looking as he went. The smoking compartment was situated at one end of the car, with the door thereof located on the side. On the extreme side of the car a short aisle leads from the smoking room with a right-angle turn to the main aisle, which runs through the center of the car. In a search for the traveling bag he found the porter in the smoking room. The Pullman conductor was not in sight, nor were other passengers up. On reporting the disappearance of the handbag to the porter, he, with the plaintiff, searched the sleeping car, but was unable to find it. During the night plaintiff several times heard people passing through the aisle of the car.

Plaintiff complains of the action of the trial court in sustaining an objection to the question asked him to state the conversation he had with the porter relative to the passage of people through the car during the night, and to the court's thereupon excluding plaintiff's offer of proof, to the effect that while the porter, the next morning, was helping plaintiff to search for his baggage he said to the plaintiff, that he, the porter, when they let people go through the aisle of the car continually as they did last night, could not be expected to keep a watch on the passengers.

We think the court erred in sustaining the objection and excluding the proof offered. The plaintiff purchased of defendant a contract, the purpose and object of which was to provide a place to sleep, contemplating the consequent loss of consciousness, and while asleep, including the care of his baggage and effects.

Relative to the care of baggage and effects so brought into the sleeping car, it became the duty of defendant to maintain, under these circumstances, the required vigilance. It was charged with the duty of keeping a reasonable watch. As was said in Goldstein v. Pullman Company, 220 N. Y., l. c. 555, "The sleeping car company became a *quasi*-bailee for hire and a *quasi*-watchman. In either capacity while passengers sleep

at night, it is charged with the duty of watchful care so that baggage may not be lost through inattention.'' Charged with the correlative duties of *quasi*-custody and *quasi*-watching, the porter must, when required, give an account, that duty devolving upon him as the proper person from whom to seek the account. An accounting demanded of him is made within the scope of his employment, and the inquiry for property so placed in his *quasi*-care is properly made of him. The baggage having disappeared, it became the duty of the porter to make a search, and while making the search, within the scope of his employment during the continuance of the agency in relation to the transaction then depending, a declaration by him is made *dum fervet opus,* in the heat of action, and constitutes part of the *res gestae.*

The case at bar comes within the rule laid down in Hampton v. Pullman Company, 42 Mo. App. 134. The case of Bevis v. Railroad, 26 Mo. App. 19, is not apposite, for there the question of admission of evidence related to a past transaction in which the porter, acting without the scope of his employment, was narrating history. The conclusion we have reached is supported by the following cases: Levi v. Railroad, 157 Mo. App. 536-545, 138 S. W. 699; Thompson v. St. Louis & S. F. Ry. Co., 59 Mo. App. 37-40; McDermott v. Hannibal & St. J. R. R., 87 Mo. 285; Bergeman v. Indianapolis, 104 Mo. 77, 15 S. W. 992; Adams Express Co., v. Berry, 35 App. Dis. Columbia, 208; Morse v. Connecticut Railroad, 6 Gray (Mass.) 450; Lane v. Boston R. R., 112 Mass. 455.

In view of plaintiff's testimony that people were passing through the aisle of the car during the night, the evidence so excluded was again admissible to show the porter's knowledge of the danger of theft and to fix upon him the duty of diligent watch. The rule of law applicable is stated in 22 C. J. 284, par. 302, as follows:

''The existence or absence of knowledge may be shown by the declarations of a person whose knowledge

is of importance even though such declarations were made a considerable time before or after the time involved in the inquiry.''

It is unnecessary for us to go further than to say this declaration of the porter was made within the scope of his employment while the matter was depending. Plaintiff testified that people were passing down the aisle of the sleeper during the night. His declaration was admissible to prove knowledge of that fact. Knowledge of circumstances tending to increase the hazard or risk of theft, together with the lack of required precaution to circumvent it, is competent to fix responsibility on him charged with a duty or care. The porter was charged with vigilance, and it was negligence for him to omit the necessary care. Our ruling has the sanction of: Chapman v. Erie R. R., 55 N. Y. 583; Louisville & Nashville v. Mothershed, 197 Ala. 261; Elledge v. National City, 100 Cal. 282; Baird v. Howard, 89 Tenn. 584; Union Central Life Ins. Co., v. Pollard, 94 Va. 146; Olson v. Seldovia Salmon Co., 88 Wash. 225; Kidd v. Pill and Medicine Co., 91 Iowa, 261; 8 Encyclopedia of Evidence, pages 16-18; Woodruff v. Diehl, 84 Ind. 474; Carpenter v. New York, 124 N. Y. 53; 22 C. J. 284, par. 302.

II.   Plaintiff complains of instructions Nos. 2 and 3 given at the instance of defendant. They are as follows:

''2.   The court instructs the jury that it is not enough for the plaintiff to show that he was rightfully traveling in one of the defendant's sleeping cars and while so traveling certain valuables belonging to him were lost or stolen. Before he can recover, he must go further and show that such loss or theft was due to some negligence on the part of defendant; and if the evidence introduced fails to reasonably explain, or account for the loss or theft, to your minds, then your verdict must be for the defendant.''

''3.   The court instructs the jury that the defendant, The Pullman Company, was not an insurer of plain-

tiff's suitcase and contents mentioned in the evidence and a mere loss does not make this defendant liable. Before he can recover he must go further and show that such loss was occasioned by some negligence of the defendant or its agents or servants and the burden of proving negligence is upon plaintiff, and unless he has shown such negligence by the preponderance or greater weight of the evidence, your verdict and judgment must be against the plaintiff and for the defendant.''

We will consider them together. Instruction No. 2 was taken from the concurring opinion in Bevis v. Railroad, supra. The verdict and judgment were for plaintiff. While the learned judge characterizes the instruction as correct, it was given at the instance of the there defendant. He says the law announced gave the defendant all to which it was entitled. His concurring opinion was not the opinion of the court, and did not enunciate a rule of law.

A careful examination of the authorities lead us to conclude that the cases are practically in accord in announcing the following propositions of law: That a sleeping car company with respect to the baggage and effects brought into the car by the passenger upon invitation to disrobe and sleep, is neither an innkeeper, common carrier or insurer, but is liable for negligence which arises when it fails to keep a reasonable watch over the baggage and effects of the passenger.

While it may be conceded that defendant is liable only for negligence, yet negligence is shown when evidence appears that the porter failed to keep a reasonable watch. Certain it is, we think, that a reasonable watch was not kept and maintained while the porter was off to other duties in the smoking room or at a place where he could not observe. While the first part of instruction No. 2 may state an abstract proposition of law, it is not applicable to the facts and is misleading, for plaintiff, by showing negligence, has shown more than mere loss or theft. The second part of said instruction is clearly error in casting the burden of ex-

plaining the loss on plaintiff. Charged with *quasi*-custody and a duty to watch, when plaintiff produced evidence of a failure to watch on the porter's part, absent as he was from a place from which he could observe, defendant had the burden of explanation, and was forced to meet the evidence. We do not mean to say, however, that defendant is prevented from testing before the jury upon a re-trial, under proper instructions, the verity of plaintiff's evidence, if it so desires.

Relative to an abstract proposition of law, what we have said regarding the form of the first part of instruction No. 2 applies to No. 3. While it abstractly states a correct proposition of law, it is misleading and probably influenced the jury to arrive at a verdict erroneously conceived. The evidence involved more than mere loss or theft. People passed to and fro through the car during the night. The porter was found at 5:30 a. m. in the smoking room, absent from the place of observation. Proof of negligence having been produced by plaintiff, the instruction failed to take into account the burden of explanation cast, by the evidence, on defendant. We cite as authority: Bevis v. B. & O., 26 Mo. App. 19; Scaling v. Pullman, 24 Mo. App. 29; Root v. Sleeping Car. Co., 28 Mo. App. 199; Goldstein v. Pullman Co., 220 N. Y. 549; Kates v. Pullman, 95 Ga. 810; Pullman v. Schaffner, 126 Ga. 609; Pullman v. Freudenstein, 3 Colo. App. 540; Robinson v. Southern R. Co., 40 App. Dist. of Col. 549.

Instructions No. 2 and No. 3 were error and should not have been given.

For the foregoing errors, the cause is reversed and remanded, to be re-tried in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded as recommended by the Commissioner. *Allen, P. J., Becker* and *Daues, JJ.*, concur.