MINNIE RUTH WATTS v. A. E. MOUSSETTE and MRS. A. E. MOUSSETTE, Appellants.—85 S. W. (2d) 487.

Division One, July 30, 1935.

534

*Walter Wehrle* and *Edwin Rader* for appellant.

*William R. Moore, Sullivan, Reeder & Finley* and *Hugh H. Sullivan* for respondent; *Jones, Hocker, Sullivan, Gladney & Reeder* of counsel.

BRADLEY, C.—This is a guest case to recover $15,000 for personal injuries alleged to have been received in an automobile collision. On trial to a jury verdict went for defendants. Plaintiff's motion for a new trial was sustained and defendants appealed.

The trial court at the time a new trial was granted filed a memorandum stating the reasons for sustaining the motion as follows: ''Instruction No. 3 offered by and given upon behalf of the defendants submitted general negligence when specific negligence was pleaded. It was broader than the pleadings and broader than the evidence; The court erred in giving same.''

Instruction No. 3 is as follows: ''The Court instructs the jury that at the time and place mentioned and complained of in the evidence, it was the duty of the driver of the automobile in which plaintiff was riding, in operating the same, to exercise the highest degree of care, and to drive same at a rate of speed so as not to endanger the life or limb of any person or property of another.

''Now, you are further instructed, that if you find and believe from the evidence that the collision mentioned and complained of was proximately and solely caused by the negligence of the driver of the automobile in which plaintiff was riding, then you will find the issues for the defendants, but you are further instructed that the negligence of the driver of the automobile in which plaintiff was riding, is not to be imputed to plaintiff in determining whether said driver's negligence, if any, was the sole and proximate cause of the collision mentioned and complained of.''

Plaintiff was injured in a collision between the automobile in which she was riding and the automobile of defendant, A. E. Moussette and being driven at the time by his wife. The collision occurred in St. Louis County, about ten-thirty P. M., at the junction, called intersection, of Denny Road, an east and west road, and Lindbergh Boulevard which, at the place, extends from the northwest to the southeast. Denny Road terminates at the junction. Plaintiff alleged eight specific grounds of negligence, but it is not necessary to set these out.

The answer is a general denial, a plea of contributory negligence and also a plea that plaintiff's injuries were caused solely, directly and proximately by the negligence of Everett Mabary, driver of the automobile in which plaintiff was riding. Defendants in their answer charge a number of alleged specific acts of negligence on the part of plaintiff, but since no point is made here on the alleged contributory negligence of plaintiff it is not necessary to state the grounds of alleged contributory negligence.

As stated it is alleged in the answer that plaintiff's injuries were caused solely by the negligence of Mabary, and his alleged negligence is as follows: (1) In negligently operating his automobile at a high and excessive rate of speed and at a rate of speed which was dangerous under the circumstances and which was dangerous to the life and limb of persons then and there being and particularly to plaintiff; (2) in negligently failing to keep a lookout for any

other automobile that might be approaching, especially the automobile of defendants, and in negligently attempting to cross the intersection while traveling at a rate of speed so as to endanger the life and limb of plaintiff, when Mabary saw or by the exercise of the highest degree of care could have seen that defendant's automobile was about to make a left turn into Denny Road, in time to have stopped or slowed down and allowed said automobile to complete its left turn; (3) in negligently attempting to cross the intersection without looking for automobiles that might be attempting to make a left turn into Denny Road, when he knew or by the exercise of the highest degree of care, for his own and plaintiff's safety, could have known, that there was danger of a collision if he so attempted to cross said intersection; and (4) in negligently speeding up his automobile and attempting to pass in front of defendants' automobile, when he knew or by the exercise of the highest degree of care could have known that by so doing there was danger of a collision if he speeded up his automobile and attempted to cross in front of defendants' automobile which was at the time attempting to make a left turn.

The motion for a new trial was sustained on the theory that Instruction No. 3 submitted the *sole negligence* defense on general negligence, instead of submitting this defense on the specific acts of negligence charged against the driver of the automobile in which plaintiff was riding, and supported by the evidence. Plaintiff, defending the action of the trial court in granting a new trial, cites in her brief cases holding that when a plaintiff relies upon specific negligence the cause must be submitted, if a submissible case is made, upon some specific negligence charged and supported by the evidence. That such is the law is not questioned. [Riley v. City of Independence, 258 Mo. 671, 167 S. W. 1022; Stermolle v. Brainard (Mo. App.), 24 S. W. (2d) 712.] Plaintiff, reasoning by analogy, argues that if a plaintiff must submit specific negligence when such is charged in the petition, then the defendant in the instant case, having charged specific negligence against the driver, Mabary, as the sole cause of plaintiff's injuries, must, in submitting the sole negligence defense, submit the negligence alleged in the answer and supported by the evidence. Neither plaintiff nor defendant call our attention to a case directly in point and we find none.

To support Instruction No. 3, defendants rely upon Schweig v. Wells (Mo. App.), 26 S. W. (2d) 851; Peppers v. St. Louis-San Francisco Ry. Co., 316 Mo. 1104, 295 S. W. 757; Boland v. St. Louis-San Francisco Ry. Co. (Mo.), 284 S. W. 141; Felts v. Spesia (Mo. App.), 61 S. W. (2d) 402; Blech v. Berzon (Mo. App.), 61 S. W. (2d) 201. Defendants say that Instruction No. 3 is "letter perfect," because it told the jury that "in determining whether or

not the driver's (Mabary's) negligence is the sole cause of the collision, they are not to impute said negligence to plaintiff." Defendants proceed on the theory that if they had not pleaded the specific acts of alleged negligence on the part of Mabary claimed to be the sole cause of plaintiff's injuries, then there could have been no question about the correctness of Instruction No. 3. In other words, defendants contend that Instruction No. 3 was proper, without question, under a general denial, and in their brief say: "If such an instruction is available and a proper one to have given and read to a jury after the filing of a general denial, surely such an instruction is available to the defendants in the case at bar under the answer filed by them which, although not in the usual conventional form of a general denial, it is in substance the same thing. The defendants in this case should not be criticized for pleading specifically the negligent acts of Mr. Everrett Mabary, the driver of the automobile in which the plaintiff was riding. Their answer in the case at bar relates information to the plaintiff before the trial of the case which is very helpful to the plaintiff in preparing the case for a trial before a jury. Had nothing but a general denial been filed, the plaintiff would have known only the theory upon which the defendants were to defend the case. The defendants, however, not only disclosed the theoretical basis of their defense, but also disclosed to the plaintiff each separate act of negligence which they say in their answer was the sole and proximate cause of the collision."

In Schweig v. Wells, supra, plaintiff was injured in a collision between the automobile in which she was riding as a guest, and a street car. In that case the verdict of the jury was for the defendant and, failing on motion for a new trial, plaintiff appealed. Plaintiff was injured at the intersection of Delmar Boulevard and Leland Avenue in University City, Missouri. Plaintiff's case went to the jury on the alleged negligence that defendant's agents in charge of the street car failed to give any warning of the approach of the street cars. The answer was a general denial and a plea of contributory negligence "in that plaintiff allowed and permitted herself to be driven into and against a moving street car, when she saw and heard, or by the exercise of ordinary care, could have seen and heard, the approaching street car in time thereafter to have avoided a collision, and that she failed to warn the driver of the automobile in which she was riding. . . ." For the defendant, the court gave an instruction "which told the jury that if they found and believed from all the evidence in the case that the collision between the street car and the automobile in which plaintiff was riding was solely due to the negligence of the driver of the automobile, then plaintiff could not recover, and a verdict should be returned for defendant."

Plaintiff challenged the instruction, and the court (26 S. W. (2d) 852) in ruling the point said: "It is quite true that such an instruction has been condemned by our Supreme Court on several occasions. In Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 141, the statement of the rule of law was not particularly criticized, but rather the cryptic way in which the information was conveyed to the jury, which the court felt was calculated, not to enlighten, but to confuse. An instruction similarly phrased was also condemned, but without discussion, in Shumate v. Wells, 320 Mo. 536, 9 S. W. (2d) 632. What we take to be the real basis for the condemnation of the instruction is to be found tersely stated in Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757, and in Smith v. St. Louis-S. F. Ry. Co. (Mo.), 9 S. W. (2d) 939, where it is held that while the occupant of an automobile cannot recover from the defendant if the negligence of the driver was the sole cause of his injuries, yet an instruction so stating should go further and embrace the entire situation, by informing the jury that the driver's negligence cannot be imputed to the occupant in determining whether the driver's negligence was the sole cause of the collision. In the Peppers case particularly, the court, while condemning the instruction as given, was careful to say that if it had explained to the jury that the negligence of the driver could not be imputed to the plaintiff in determining whether the former's negligence, if any, was the sole cause of the collision, a different situation would have obtained."

In the Schweig case the court, at the request of plaintiff, gave an instruction that the negligence of the driver could not be imputed to plaintiff, and under the rule that all instructions are to be considered together, the court held that giving the instruction challenged was not error. In Boland v. St. Louis-S. F. Ry. Co., supra, a guest, in an automobile, was killed at a crossing. The answer was a general denial and a plea of contributory negligence. In the Boland case this instruction was given for defendant: "If you find and believe from all the evidence in the case that the collision between the passenger train and the automobile described in the evidence was the result of the sole negligence of the driver of said automobile, then plaintiff is not entitled to recover against the defendant and your verdict must be for the defendant." The instruction was condemned, the court merely saying that it "was calculated, not to enlighten, but to confuse."

In Peppers v. St. Louis-S. F. Ry. Co., supra, it appears that an automobile guest was killed at a crossing. The answer was a general denial and a plea of contributory negligence. The jury returned a verdict for defendant. Motion for new trial was overruled and plaintiffs appealed, and among other complaints, challenged this

instruction given at the request of defendant: ''The court instructs the jury that it was the duty of the driver of the automobile in question, before attempting to drive said automobile over defendant's tracks at the crossing in question, to look or listen for the approach of trains on said tracks, and this duty was a continuing one until the crossing was accomplished. So, if you find and believe from the evidence that said driver of said automobile attempted on the occasion mentioned in evidence to drive over said tracks at said crossing without looking and listening, then said driver was guilty of negligence; and if you further find and believe from the evidence that such negligence, if any, of said driver of said automobile was the sole cause of the death of said Mildred Peppers, then plaintiffs cannot recover, and your verdict should be for the defendant.''

Of the instruction the court said: ''An examination shows the instruction is technically correct, as far as it goes, but it is misleading. It is true that, if the negligence of the driver of the automobile was the sole cause of the death of Mildred Peppers, then plaintiffs cannot recover. The instruction, however, does not embrace the entire situation, for it fails to inform the jury that the driver's negligence cannot be imputed to the deceased in determining whether his negligence was the sole cause of the collision. The whole evidence tends to show more than the negligence of the driver as the sole cause of the collision, for it may be inferred from it that the negligence of the defendant was either a concurring cause or the sole cause. If the instruction had explained to the jury that the negligence of the driver could not be imputed to plaintiff in determining whether his negligence, if any, was the sole cause of the collision, a different situation would have obtained. The instruction as given was error because it was misleading. Our ruling has the sanction of Boland v. Railroad (Mo.), 284 S. W. 141, and Fisher v. Pullman Co., 212 Mo. App. 280, 254 S. W. 114.''

Felts v. Speisa, supra, was an automobile guest case in which, it appears, the guest sued the driver of the automobile in which she was a guest. The negligence charged was excessive speed and failure to keep as near the right hand side of the roadway as was practicable. The answer was a general denial. The defendant's automobile collided with the rear end of a truck traveling in the same direction in which he was traveling. Defendant asked an instruction directing that if the jury found that ''the driver of the truck failed to drive the same as near the right hand side of the road as practicable, and that his failure to do so was the sole cause of the collision, then the verdict must be for the defendant.'' This instruction was refused. Verdict went for plaintiff and among other assignments defendant complained of the refusal of his *sole cause* instruction. The

court in ruling the assignment stated that under the evidence, "there was nothing to support an instruction predicated upon the negligence of the driver of the truck as the sole cause of the collision." The court further said that as an abstract proposition the instruction was correct, "for it necessarily follows that if negligence of the truck driver was the 'sole cause' of plaintiff's injuries, defendant would not be liable." Also, it was stated in that case that under the facts the instruction would have been confusing, citing the Boland and Peppers cases, supra, and Shumate v. Wells, 320 Mo. 536, 9 S. W. (2d) 632.

Blech v. Berzon, supra, relied upon by defendants to support the contention that Instruction No. 3 states the law correctly involved a *sole cause* instruction, which was held bad, but seemingly on the ground that it assumed certain facts. Plaintiff in the Blech case was a passenger in a taxicab in St. Louis, and Berzon's automobile, driven by him, collided with the cab, injuring plaintiff. The verdict was for plaintiff and defendant appealed. The *sole cause* instruction is as follows: "The court instructs the jury that if you find and believe from the evidence that at the time and immediately prior to the collision mentioned in the evidence, the driver of the automobile in which plaintiff was a passenger saw or by the exercise of ordinary care could have seen the automobile of the defendant in time to have avoided colliding with said automobile, if you so find, and that said failure to so see defendant's automobile and avoid the same was the sole cause of the said collision, then your verdict must be in favor of the defendant."

The instruction in the Blech case was also bad because it did not inform the jury that the negligence of the driver of the taxicab "could not be imputed to plaintiff in determining whether his negligence, if any, was the sole cause of the collision," as ruled in Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757, referred to, supra.

As above stated, defendants in the cause at bar, cite no case and we find no case on the point involved in the *sole cause* instruction here. Instruction No. 3 told the jury that "the negligence of the driver of the automobile in which plaintiff was riding is not to be imputed to plaintiff in determining whether said driver's negligence, if any, was the sole and proximate cause of the collision mentioned and complained of." But where the defendant, as in the instant case, pleads in the answer the alleged negligence of the party claimed to be the *sole cause,* then must he include in the *sole cause* instruction the specific negligence of the third party alleged in the answer and supported by the evidence or such portion thereof as he may desire to submit, instead of submitting such instruction on general negligence? And where a defendant in a negligence case

answers by a general denial as to the negligence charged against him and does not plead the specific negligence of a third party as being the sole cause of the injury complained of, but invokes the sole negligence defense of a third party, must a defendant in such situation in his sole negligence defense instruction, submit in such instruction, the specific negligence of such third party that the evidence tends to support, or may such instruction be submitted on general negligence?

When a plaintiff alleges specific negligence he cannot go to the jury on general negligence. Such rule is elementary. Instructions should follow the pleadings. [Birdsong v. Jones (Mo. App.), 30 S. W. (2d) 1094.] A defendant pleading contributory negligence must in his instruction thereon submit the negligence alleged and supported, or such part as he may desire to submit. He cannot have, in such case, a contributory negligence instruction predicated on general negligence. [Benjamin v. Met. St. Ry., 245 Mo. 598, 151 S. W. 91; Bobos v. Krey Packing Co., 317 Mo. 108, 1. c. 117, 296 S. W. 157; Clason v. Lenz, 332 Mo. 1113, 1. c. 1121, 61 S. W. (2d) 727; Schide v. Gottschick, 329 Mo. 64, 43 S. W. (2d) 777; Bollmeyer v. Eagle Mill & Elevator Co. (Mo. App.); 206 S. W. 917; Malone v. K. C. Rys. Co. (Mo. App.), 232 S. W. 782; Higgins v. Medart Pat. Pulley Co. (Mo. App.), 240 S. W. 252; Hill v. Johnson (Mo. App.), 249 S. W. 138; Lunsford v. Macon Produce Co. (Mo. App.), 260 S. W. 781.] Contributory negligence pleaded generally will, unchallenged by motion to make more certain, be sufficient as a pleading, but even so, in such case, an instruction submitting the issue of contributory negligence must be predicated on the negligence which the evidence tends to show. [Schide v. Gottschick, supra; Clason v. Lenz, supra.] A charge of general negligence in a petition unchallenged by motion to make more definite and certain, will be good as a pleading. [Baskett v. Met. St. Ry., 123 Mo. App. 725, 101 S. W. 138.] But in such case a plaintiff's instruction must submit the specific negligence which the evidence tends to show and upon which he relies for recovery, except where the *res ipsa loquitur* rule may be invoked. [Conduitt v. Trenton Gas & Elec. Co., 326 Mo. 133, 31 S. W. (2d) 21, 1. c. 25; Sanders et ux. v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529; Cook v. Union Elec. L. & P. Co. (Mo. App.), 232 S. W. 248; Grimes v. Redline Service, 337 Mo. 743, 85 S. W. (2d) 767.] And in a case where the *res ipsa* rule might be invoked, the right to invoke may be waived or lost, dependent upon what may be shown by plaintiff's evidence. In the Conduitt case the court in considering the question as to whether plaintiff had waived or lost the right to invoke the *res ipsa* rule, cited a number of cases and of them said: "The doctrine of these authorities is that even though the

plaintiff introduce evidence tending to show specifically the cause of the accident, the benefit of the rule *res ipsa loquitur* will not be waived or lost if by this evidence the cause is still left in doubt or is not clearly shown; but where the precise cause is shown, there is no occasion or room for the application or a presumption. The plaintiff is bound by his evidence in a *res ipsa* case just as he would be in an ordinary negligence action and cannot in effect say to the jury, 'I have shown you exactly how the accident occurred but you are, nevertheless, still at liberty to speculate and presume it may have happened some other way.' We have in mind the further rule that the presumption of negligence under the doctrine of *res ipsa loquitur* is a substantial presumption or inference of fact which does not disappear upon the adduction of evidence by the adversary party tending to disprove negligence. [Bond v. St. L.-S. F. Ry. Co., 315 Mo. 987, 1002, 288 S. W. 777.] But that does not mean the plaintiff can fill in all the gaps in his own case and leave nothing to inference, and then recover on some other theory.''

Since a plaintiff, where general negligence is charged and where the pleading goes unchallenged, must, except in a *res ipsa* case, submit the case on specific negligence which the evidence tends to show, and since a defendant pleading general contributory negligence must submit that issue on specific negligence which the evidence tends to show, the same reason for these rules of law would, it seems to us, impel the conclusion that a defendant in a negligence case who invokes as a defense the negligence of a third party as being the sole cause of the injury complained of, should, in the instruction submitting that issue, submit the specific negligence of such third party which the evidence tends to support, whether such defendant has pleaded the specific negligence of the third party or has answered by a general denial as to the negligence charged against him. And of course, such an instruction, if the facts warrant, should clearly advise the jury that the negligence, if any, of the third party cannot be imputed to the plaintiff. Such rule will be consistent with the rule applicable to a plaintiff pleading general negligence and to a defendant pleading contributory negligence generally, and no more difficult to apply.

It is our conclusion that the new trial was properly granted and the order granting same should be affirmed, and the cause remanded, and it is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.