**Mary Jane RALLO, a Minor, by and Through Her Mother and Next Friend, Nancy Rallo, Appellant,**

v.

**Gabriel LANCIA, Respondent.**

No. 50769.

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Motion for Rehearing or Transfer to Court En Banc Denied Sept. 13, 1965.

James F. Koester, St. Louis, for plaintiff-appellant.

Heege & Heege, Clayton, for respondent.

HIGGINS, Commissioner.

Action for $25,000 damages for personal injuries. Verdict and judgment were for defendant and plaintiff has appealed.

According to plaintiff, at the time of the accident on January 13, 1962, she was riding

in the right rear seat of a 1951 Oldsmobile driven by her brother, Vito Rallo. There were two other passengers in the automobile, Joan Like in the left rear seat and Connie Spatafora in the right front seat. Vito, Joan, and defendant were all members of a singing group and were on their way to Riverview High School to perform. The streets were icy and slick and it was snowing. The automobile in which plaintiff was riding was traveling north on Toelle at 15 to 20 miles per hour. About one-half block from the intersection of Toelle with Shepley, the driver decreased his speed to 10 miles per hour. The accident occurred approximately one car length north of the intersection while plaintiff's driver was going 5 to 10 miles per hour, and the car was struck in the rear by a 1950 DeSoto driven by defendant who had been following plaintiff's car. Plaintiff did not see the car driven by defendant but she knew it was following, and her first knowledge of the accident was when her neck snapped, injuring her. No one was sure of the route and plaintiff's driver, in getting to Riverview High School, intended to turn on Shepley but went past it when he failed to see it. Plaintiff did not know whether her driver gave any indication of an intention to turn or stop, and she stated that her driver made no sudden stop.

Defendant adduced evidence, in addition to his own testimony, from Joan Like and Connie Spatafora. Joan testified that the vehicle in which she and plaintiff were riding came to a stop in the center of the road; that the engine died, and that they were struck from behind by defendant while her driver was attempting to start his car. She described the stop as a "gradual," "normal" stop, and testified that the driver applied his brakes a little past the intersection and that "nothing was vigorous or anything like that." At a time when the vehicle was at a complete stop, she looked to the rear and saw defendant approximately five car lengths back, at which time she said, "Come on Vito, you have got to move. Gabe's sliding on the ice."

She judged the car had been stopped "a few minutes." There was no jar but the impact was sufficient to throw Connie into the dashboard where she struck her head. She judged defendant's speed at 15 to 20 miles per hour and said his headlights were on. The road was straight, slightly downgrade, and there were no obstructions. Gabriel did not blow his horn.

Defendant's version was that the accident happened about 8:00 to 8:30 p.m. He, too, was not familiar with the location of the school. He had taken a straight shot of liquor after his evening meal and the bottle was in the glove compartment of his car. There was a lot of snow and ice on the road and it was fairly dark. He had been following the automobile in which plaintiff was riding, traveling 15 to 20 miles per hour and about three car lengths back. He had seen the brake lights on the lead vehicle at other intersections, and he saw them operate as it slowed for the intersection where the accident occurred. He slowed when he saw the brake lights and when he no longer saw the brake lights he accelerated. When about halfway across the intersection he realized the lead vehicle was stopped; he applied his brakes and slid into the Rallo automobile; he saw no signal of a stop. He was going 10 to 15 miles per hour at impact. He said the brake lights of the Rallo car were not on at impact and he does not remember about the taillights. In the block preceding the accident his maximum speed was 20 miles per hour. He maintained a distance of 30 or 35 feet behind the lead vehicle. He could not say how long the lead vehicle was stopped before impact, but when he first saw it he was within 30 feet of it and he then applied his brakes. His headlights were not defective and were on low beam. The impact caused his front bumper to engage with the rear bumper of the Rallo car. The testimony of Connie Spatafora was cumulative of that previously recited.

Appellant's sole point on appeal relates to Instruction No. 4 which she contends

failed to hypothesize sufficient facts upon which the jury could base a verdict in favor of defendant. The instruction follows:

"The Court instructs * * * that it was the duty of Vito Rallo, the driver of the automobile in which plaintiff was riding, to exercise the highest degree of care in the operation of his said automobile while traveling north on Toelle Avenue, in that if the said driver * * * intended to stop his automobile on said highway, it was the duty of said Vito Rallo to give an adequate warning or signal of his intention to stop * * *.

"The Court further instructs * * * that if you find and believe from the evidence that while the said Vito Rallo was operating his said automobile northwardly on Toelle Avenue, the defendant Gabriel Lancia was also operating his automobile northwardly on said Toelle Avenue, and behind the automobile of the said Vito Rallo; and if you further find that the said Vito Rallo did stop his automobile while it was in front of and ahead of the automobile of the defendant Gabriel Lancia; and if you further find from the evidence that in so stopping his said automobile the said Vito Rallo did not give an adequate warning or signal of his intention to stop his said automobile; and if you further find that such failure on the part of the said Vito Rallo, if any, was the sole cause of the collision and injuries, if any, to plaintiff, without any negligence whatsoever on the part of the said Gabriel Lancia, then the Court instructs you that the plaintiff is not entitled to recover, and your verdict must be for the defendant * * *."

■ In Happy v. Blanton, Mo., 303 S.W. 2d 633, 637 [3–6], we said: "* * * if the defendant undertakes to absolve himself from liability to plaintiff on the basis of sole cause negligence, he thereby assumes the burden of hypothesizing a statement of facts, supported by the evidence, from which a jury could find that not only did his negligence not contribute in causing plaintiff's injuries, but in addition thereto that the sole proximate cause of plaintiff's injuries was the negligence of someone other than him, and the hypothesization of facts in the instruction, or by proper reference to other instructions, must be complete in both respects." There are a number of disputed fact issues in this case and the hypothesis upon which the jury was permitted to make a finding of sole cause referred only to a finding that Rallo stopped his car in front of and ahead of defendant's car and that in so stopping he gave no adequate warning or signal. There are a number of omissions from the hypothesis which could have defined and specified the issues. There is no mention of the circumstances under which the stop was made such as the condition of the road, weather and lighting; there is no finding required as to the type of stop such as it being sudden, abrupt, gradual or regular; there is no reference to where the stop was made, speed of the vehicles, the distance separating them, the likelihood of collision if no signal was given, or the working order of taillights, brake lights, and headlights. There was not even a general reference to the many circumstances in evidence. Defendant's freedom from negligence is likewise set forth without any hypothesis of facts from which such may be found, nor is there a reference to the negligence submitted against defendant in other instructions.

■ In Counts v. Kansas City Southern Railway Co., Mo., 340 S.W.2d 670, the same complaint was made, i.e., the instruction failed to hypothesize any facts in evidence which would create a sole cause situation or entitle defendant to a verdict. The instruction there said "that if you find * * * that on the occasion mentioned * * * the actions of plaintiff * * * were the sole cause of his injuries and that such injuries were not due to any negligence on the part of the defendant in any of the particulars set forth in other instructions * * *, your verdict must be for

defendant." The court held the instruction erroneous for the reason stated by plaintiff, saying: "We have uniformly held that instructions of that type should hypothesize the facts which, if true, would show that the plaintiff has no right to recover. See Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S.W.2d 54, and cases cited therein. * * * In so ruling we stated, ' * * * a lawsuit should at some time be reduced to and decided upon definite and certain issues. In a jury trial the time for specifying fact issues is, at least, when the case is submitted to the jury. Only by so doing can it be possible for the jury to perform its proper function of deciding the facts of the case. If juries are to be required to decide cases on the fact issues actually developed in the trial, there can be no escape from the logic of this opinion (Watts v. Moussette, supra [337 Mo. 533, 85 S.W.2d 487]) requiring that such facts, as they must determine favorably in order to decide for defendant, on either a plaintiff's or a third party's sole cause negligence, must be stated in the instruction authorizing such a verdict. * * * [s]ubmitting such a defense * * * upon an abstract general legal proposition * * * would give the jury a roving commission as to facts and permit them to pass upon a question of law according to any theory they could construct or evolve in their own minds.' 153 S.W.2d loc. cit. 57, 58." 340 S.W.2d l. c. 676 [4]. See also Ketcham v. Thomas, Mo., 283 S.W.2d 642, 651 [14]. Under these principles Instruction No. 4 is erroneous because it fails to submit an adequate hypothesis for a determination of sole cause.

Respondent cites three cases under which he contends Instruction No. 4 contained sufficient hypothesis, but they are distinguishable from this case. In Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912, 917 [10–14], the sole cause instruction hypothesized findings that defendant was not negligent as defined in other instructions and that plaintiff was injured solely by the negligence of the driver of the panel truck in bringing his truck to a sudden stop in front of the line of traffic without any signal. That instruction hypothesized other instructions from which defendant's freedom from negligence could be determined and it required a finding of a type of stop (sudden) and the circumstance of the stop (in front of traffic). In Lotshaw v. Vaughn, Mo., 380 S.W.2d 410, 412, the hypothesis required several fact determinations in order to convict plaintiff's host of sole cause negligence. It required that the jury determine from the evidence if defendant was driving northward on Highway 30 when it was raining and dark and visibility was poor, and that as he drove he passed the car in which plaintiff was riding, stopped upon the paved portion of the highway, in a low place, and that such a stop was negligence, etc. There is no similar hypothesis in our case. In White v. Rohrer, Mo., 267 S.W.2d 31, 35 [5–9], the instruction submitted the hypothesis that plaintiff failed to extend his arm or give other timely warning of his intention to stop and that at the time in question plaintiff should have known that stopping without extending his arm or giving other timely warning of his intention would thereby be reasonably likely to create danger of collision under the facts and circumstances in evidence. By this instruction the jury was required to make a determination of plaintiff's contributory negligence from the existence of lack of timely warning at a time when a lack of warning was likely to give rise to a collision. There are no such requirements in the present case.

Respondent contends also that Instruction No. 5, which required plaintiff to prove injury as a direct result of the accident, would defeat a recovery by plaintiff under any circumstances. We cannot say that the jury found for defendant under this submission and any attempt to do so would require unauthorized speculation.

It is unnecessary to consider the propriety of submitting any sole cause instruction because retrial will be under Missouri

Approved Jury Instructions which excludes sole cause instructions. MAI 1.03.

The judgment is reversed and the cause remanded for new trial.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.