MARGARET LOUISE ENGLEMAN, a Minor, by Next Friend, ALFRED L. ENGLEMAN, v. RAILWAY EXPRESS AGENCY, INC., Defendant, ROY MAYES and MRS. A. L. STAPLES, Appellants.—100 S. W. (2d) 540.

Division One, January 5, 1937.

*Culver, Phillip, Kaufmann & Smith* for appellants.

*Meyer & Imbersteg* for respondent.

BRADLEY, C.—Action to recover $25,000 for personal injuries. A trial to a jury resulted in a verdict for the defendants. Motion for a new trial was filed and sustained as to defendants, Mayes and Staples, but overruled as to defendant, Railway Express Agency, because the court was of the opinion that the peremptory request of the express company for a directed verdict, at the close of the whole case should have been given. Defendants, Mayes and Staples, appealed from the order granting a new trial as to them.

Plaintiff, about ten years old at the time, August 14, 1933, was injured when the truck in which she was riding as a guest ran into the rear of the express truck on East Third Street in Maryville, Missouri. Mrs. Staples was the express agent at Maryville and owned, maintained and operated the truck known as the express truck. Mayes was employed by Mrs. Staples and was driving the express truck at the time. Plaintiff's father was a florist in Maryville and owned the truck in which plaintiff was riding when injured. The express truck and the florist truck, both traveling west on East Third Street, were returning from the depot in Maryville about five-thirty P. M. The express truck was in front and until just prior to the impact, the florist truck, driven by an employee of Mr. Engleman, was about twenty-five or thirty feet behind the express truck, and both trucks were traveling about twenty-five miles per hour. Defendant Mayes, driving the express truck, had a bundle of papers, received at the depot, which he intended to deliver to Eugene Still, a newsboy, and he expected to see Gene somewhere along East Third Street. Gene was on the north side of East Third Street just west of the intersection of East Third and Saunders Street, and Mayes says that he did not know there was a vehicle to his rear; that he put out his left arm, slowed up and pulled towards the north side of the street, intending to throw out the bundle of papers without stopping, and that the florist truck ran into the rear of his truck.

Several acts of negligence are alleged, but we do not think it is necessary to deal especially with the pleadings. The separate answer

of the express agency and the joint answer of Mayes and Staples were general denials.

The trial court granted plaintiff a new trial as to defendants,. Mayes and Staples, on the ground that error had been committed in giving Instruction J requested by defendants. Appellants contend that Instruction J was proper, but if not, that there was no substantial evidence to support submission as to them, and that even though Instruction J be erroneous, the court should not have granted the new trial as to them. If Instruction J is not erroneous then it will not be necessary to detail the evidence.

Instruction J is as follows: "The court instructs the jury that while plaintiff is not chargeable with the acts or omissions of the driver of the automobile in which she was riding, still, if you find from the evidence that the defendant, Roy Mayes, was driving an automobile truck crossing the intersection of Saunders Street and East Third Street, and that as he entered the 500 block he held out his arm and then slowed down the truck and was 'driving it gradually towards the north side of East Third Street, and while so doing, the driver of the truck in which plaintiff was riding caused or permitted said truck to collide with the rear of the truck which Roy Mayes was driving *without any negligence on the* part of Mayes (if you so find), and if you further find that said collision was caused *solely* by the fact, if you find it to be a fact, that the sun temporarily blinded the driver of the truck in which plaintiff was riding, or *solely* by the fact, if you find it to be a fact, that the driver of the truck in which plaintiff was riding caused or permitted it to collide with the rear of the truck while he was getting out of the way of or avoiding another automobile approaching from an opposite direction, then the plaintiff is not entitled to recover any damages and it is the duty of the jury to return a verdict in favor of all the defendants." (Italics ours.)

It is stated in appellants' brief that the trial court relied on Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 141; and Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757, in reaching the conclusion that Instruction J was erroneous. In Watts v. Mousette et al., 337 Mo. 533, 85 S. W. (2d) 487, we had occasion to consider a *sole cause* instruction (based upon the claimed negligence of a third party), given for the defendants. The Mousette case, like the present case, was a guest case. We held the instruction in the Mousette case bad, because it did not specify the acts constituting the alleged negligence of the third party and claimed to be the *sole* cause of the collision. In the present case Instruction J directed the jury to find against plaintiff, if they found that the collision was caused "without any negligence on the part of Mayes" (driver of the alleged offending truck) *and* "was caused solely by the fact, if you find it to be a fact, that the sun temporarily blinded the driver of the truck in

which plaintiff was riding, or'' was *solely* caused by the fact, if found to be the fact, that the driver of the truck in which plaintiff was riding ''caused or permitted it to collide with the rear of the truck (alleged offending truck) while he was getting out of the way of or avoiding another automobile approaching from an opposite direction.'' In the Mousette case we reviewed the Boland and Peppers cases and others, and it is not necessary to further consider Instruction J in so far as concerns the subject of particularizing the claimed negligent acts of the third party alleged to be the sole cause of the collision and injury. In that respect we do not think Instruction J defective.

But plaintiff says Instruction J did not tell the jury that she was ''not chargeable with the negligent acts or omissions of the driver of the automobile in which she was riding.'' It will be noted by reference to Instruction J that it does tell the jury that plaintiff was ''not chargeable with the acts or omissions of the driver of the autobile in which she was riding.'' The only criticism, on this point, is the omission of the word negligent. However, we find that plaintiff's given Instruction 2 clearly directed that ''the negligence, if any, of the driver of the truck in which plaintiff was riding'' could not be imputed to her. Instructions are considered as a whole, and if when so considered the law is correctly stated, it is sufficient. [Larey v. M. K. & T. Ry. Co., 333 Mo. 949, 64 S. W. (2d) 681; McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37.] We are not holding that the omission of the word ''negligent'' from Instruction J renders the instruction fatally bad. It is not necessary to rule that question, and we do not. What we are holding is, that any possible omission was clearly covered by plaintiff's Instruction 2, and that when these two instructions are read together there is no room for the contention that the jury was not clearly instructed that the negligence of the driver of the truck in which she was riding could not be imputed to her.

Plaintiff says that Instruction J is bad in these further respects: (1) That the jury was not instructed to find that Mayes' arm was held out a sufficient length of time, so as to give timely warning to a car following closely, nor any explanation as to what ''timely warning'' is; (2) that the instruction gave the jury a roving commission and that negligence was not defined in Instruction J or any other; and (3) that the instruction did not require a finding ''that Mayes held out his arm above horizontal so that it could have been seen by the driver of the car in which plaintiff was riding.'' It is true that Instruction J, so far as concerns warning, only requires a finding that Mayes ''held out his arm.'' Among the facts to be found in plaintiff's Instruction No. 1 was that the express truck was suddenly stopped ''without sufficient and timely warning.'' When Instruction J and plaintiff's Instruction No. 1 are considered together we do not think

that there is room for complaint on the question of warning. And as to the absence of "any explanation as to what timely warning is," if plaintiff desired such explanation it was her duty to offer an instruction defining the term "timely warning." [Block v. U. S. Fidelity & Guaranty Co., 316 Mo. 278, 290 S. W. 429; Thompson v. City of Lamar, 322 Mo. 514, 17 S. W. (2d) 960.] And it has been specifically held that it is not necessary to define "timely warning." [Ward v. Mo. Pac. Ry. Co., 311 Mo. 92, 277 S. W. 908.] It is contended that Instruction J gave the jury a roving commission and that the term negligence was not defined in Instruction J or any other. We are unable to appreciate how the instruction gave any roving commission detrimental to plaintiff. Whatever unprescribed latitude given the jury by the instruction was favorable to plaintiff. This appears from the phrase, in the instruction, "without *any* negligence on the part of Mayes." What we have said above on the subject of defining terms used in an instruction is applicable to the failure to define the term "negligence."

Is Instruction J fatally bad because it did not require a finding that Mayes held out his arm above horizontal? Rule (h) of Section 7777, Revised Statutes 1929 (Mo. Stat. Ann., sec. 7777, p. 5214), provides that "an operator or driver when stopping, or when checking the speed of his vehicle, if the movement of other vehicles may reasonably be affected by such checking of speed, shall extend his arm in a horizontal position so that the same may be seen in the rear of his vehicle." Rule (i) of the same section provides that: "An operator or driver intending to turn his vehicle to the right shall extend his arm at an angle above horizontal so that the same may be seen in the rear of his vehicle, and shall slow down and approach the intersecting highway as near as practicable to the right side of the highway along which he is proceeding before turning." It is apparent that Rule (i) requiring a driver of a motor vehicle, intending to turn to the right, to extend his arm at an angle above horizontal, has reference to turning to the right on an intersecting highway, and not to stopping or checking the speed, without intention to turn to the right on an intersecting highway. Such construction of Rule (i) has support, we think in Rule (b) of Section 7777, which requires all vehicles when in operation to "be kept as close to the right-hand side of the highway as practicable." If Rule (b) is observed, then there could be no occasion for an "above horizontal" signal when between intersecting streets as in the present case. Under the facts, we do not think that Instruction J was prejudicial to plaintiff because of the absence of a requirement to find that the driver of the express truck did not extend his arm above horizontal when he stopped or slowed down. Some other complaints are made on Instruction J, but we think we have covered all that merit consideration, and our conclusion is that error was not committed by giving Instruction J.

██ Plaintiff contends that the order granting the new trial should be sustained on argument of counsel for defendants. As stated above, the new trial was granted as to defendants Mayes and Staples on the theory that Instruction J was bad. However, if other assignments in the motion for a new trial will support the order granting the new trial, then such order should be affirmed, but the burden of showing that some other assignment in the motion for a new trial will support the order granting the new trial is on the plaintiff, respondent here. [Yuronis v. Wells, 322 Mo. 1039, 17 S. W. (2d) 518, 1. c. 523, and cases there cited.] The only thing we find in the record pertaining to argument of counsel for defendants is this: ██ "Mr. MEYER (counsel for plaintiff: We object to this argument as not in the case. It is highly prejudicial as to what it costs to try a case. COURT: Overruled." Plaintiff saved exception. Plaintiff does not claim that what we have set out would constitute error, but refers to matters mentioned in the motion for a new trial, but not appearing in the record. It is elementary that a motion for a new trial does not prove itself. Having reached the conclusion that Instruction J was not, under the situation, erroneous, it is not necessary to rule the question on the sufficiency of the evidence to support submission as to defendants, Mayes and Staples.

The judgment or order granting plaintiff a new trial as to defendants Mayes and Staples should be reversed and the cause remanded with direction to set aside the order granting the new trial and reinstate the verdict and judgment for these defendants. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.