Harold R. WOODS, Appellant,

v.

The KANSAS CITY CLUB, a Corporation,
Respondent.

No. 50766.

Supreme Court of Missouri,

En Banc.

Dec. 14, 1964.

Rehearing Denied Jan. 11, 1965.

William D. Cosgrove, Kansas City, for appellant.

William H. Leedy, John M. Mahota, Gage, Hodges, Park & Kreamer, Kansas City, of counsel, for respondent.

HENLEY, Judge.

This is an action for actual and punitive damages for alleged failure of the defendant corporation, as the former employer, to furnish plaintiff, as the discharged former employee, a so-called service letter in compliance with § 290.140, RSMo 1959, V.A.M.S. We will continue to refer to the parties by the designation they bore in the trial court.

The verdict and judgment was for plaintiff for One Cent actual damages and Fifteen Thousand Dollars punitive damages. A voluntary remittitur by plaintiff of One Dollar of the punitive damages reduced the final judgment to One Cent ac-

tual damages and Fourteen Thousand Nine Hundred Ninety-nine Dollars as punitive damages. The Court sustained defendant's motion for a new trial and plaintiff appealed to the Kansas City Court of Appeals. The Court of Appeals affirmed the order of the trial court and after handing down its opinion, on motion of plaintiff, transferred the cause to this Court. We determine the case as on original appeal. Civil Rule 84.05(h). (All references to Statutes and Rules are to V.A.M.S. and V.A.M.R., respectively.)

Briefly, the basic facts are: After serving in the employment of defendant as "a cold meat man" or assistant chef for more than five years, plaintiff was discharged by defendant on information that he had taken food out of the kitchen against the corporation's rules. Plaintiff requested of defendant that he be furnished a service letter in compliance with § 290.140. Defendant furnished plaintiff with a letter stating: "In response to your letter of December 8, I would advise that you were employed by the Kansas City Club October 25, 1954, as an assistant cook. Your employment continued until November 30, 1959, when your services were terminated for infractions of our rules."

As stated above, after judgment for plaintiff, the Court sustained defendant's motion for new trial, the order (entered on the 90th day after it was filed) being "defendant's motion for new trial [is] by the Court sustained for error in giving plaintiff's instruction No. 2." The record shows the following entry at the close of all the evidence: "The Court: Let the record show that the Court gives instructions numbered one, two and three offered by the plaintiff, to the giving of *which* (sic) each of which the defendant duly objects and excepts." As will be noted, specific detailed objections to these instructions were not made by defendant at the time they were offered. See Civil Rule 79.01. The pertinent portion of defendant's motion for new trial is: "Because the court erred in giving instructions numbered one, two and three at the request of the plaintiff and over the objections of the defendant."

In assuming his burden of showing that the trial court erred in sustaining defendant's motion for new trial, plaintiff contends, first, that because the defendant made neither specific objections to instruction No. 2 before submission as provided in Civil Rule 70.02 nor specific allegations of error in said instruction in its motion for new trial as required by Civil Rule 79.03, the court was "without authority" to sustain defendant's motion for new trial and defendant is "without right" on appeal to support the court's order sustaining the motion, and, second, assuming that Civil Rules 70.02 and 79.03 are not applicable, Instruction No. 2 contains no error and the court did not err in giving it.

■ As to his first contention, in the words of the first point in his brief filed in the Court of Appeals, plaintiff says, "The Court granted a new trial for giving plaintiff's Instruction No. 2. This was error. The point was not preserved for review." In his supplemental brief filed here plaintiff contends that Civil Rule 70.02 requires that specific allegations of error must be stated in the motion for new trial to preserve those errors for review by either the trial or appellate court. The Rule does not make the requirement advanced by plaintiff; the rule prescribes when specific objections to instructions need not be made, that is, that specific objections are not required before submission to the jury as a condition to preserving error for review "on after trial motion, or on review by an appellate court, if they are set forth in the motion for a new trial." Plaintiff contends and argues that the allegations of error in defendant's motion for new trial as to error in Instruction No. 2 are too general and therefore do not meet the requirements of Civil Rule 79.03; that because the allegations in the motion do not meet those requirements, whether the trial court erred in giving that instruction is not preserved for review. He argues that whether the instruction was

erroneous may not now be determined, and that whether the trial court ruled properly that it should not have given the instruction for error therein may not now be determined. We hold that neither Rule limits or restricts the trial court's right to pass on its own errors. Civil Rule 79.03 prescribes, inter alia, when it is necessary that specific allegations of error in instructions must be set forth in the motion for new trial in order to preserve the error for *appellate* review. What was said by the St. Louis Court of Appeals in White v. Metropolitan Life Insurance Company, Mo.App., 218 S.W.2d 795, 798[2], before the adoption of Civil Rule 79.03 which supplanted Supreme Court Rule 3.23 referred to therein, is as true today as it was then. In that case, where the plaintiff-appellant made the same contention as is made in this, the Court correctly stated at 1. c. 798: "As for the contention that the motion for a new trial was insufficient under rule 3.23 of the Supreme Court, appellant overlooks the fact that the rule has to do with the sufficiency of such motions for appellant (sic) review and the trial court's right to pass upon its own errors is not limited by the rule."

■ Defendant's motion for a new trial was *sustained* and defendant granted a new trial. On an appeal from an order sustaining a motion for new trial it has been said by this Court "that within the limit of the record brought up for review ' * * * it is not only our prerogative, but obvious duty, to review the action of the circuit court, and determine from the law and the facts of the case whether the circuit court exercised a sound judicial discretion * * *' in granting the defendant a new trial. Merriam v. St. Louis, C. G. & Ft. S. Ry. Co., 136 Mo. 145, 36 S.W. 630, 631. See also Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122, 125[2]." Loveless v. Locke Distributing Company, Mo., 313 S.W.2d 24, 27 [2]. Defendant's motion for new trial having been sustained and it having been granted a new trial it is our duty to review, and we do review, the action of the trial court in granting defendant a

new trial for the giving of an alleged erroneous instruction offered by the plaintiff. Motions for new trial were overruled and the movant appealed in Hartz v. Heimos, Mo., 352 S.W.2d 596, 602; Sullivan v. Hanley, Mo.App., 347 S.W.2d 710, 711, 712; O'Brien v. City of St. Louis, Mo., 355 S.W.2d 904, 908 and Roddy v. General Motors Corporation, Mo., 380 S.W.2d 328, 331, cited by plaintiff. In those cases Civil Rules 79.01 and 79.03 were applicable because the movant appealed and the order overruling the motion made the judgment final. The cases are not applicable and do not support plaintiff's position on this appeal. In Overton v. Tesson, Mo., 355 S.W. 2d 909, 913; Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535; Ridenour v. Duncan, Mo., 246 S.W.2d 765; and Roberts v. Emerson Electric Mfg. Co., Mo., 362 S.W.2d 579, 582, cited by plaintiff, the motion for new trial was sustained. The cases are to be distinguished from this case. In Overton, supra, the trial court sustained plaintiff's motion for new trial and defendant appealed. The plaintiff failed to support the trial court's action in sustaining his motion for the giving of an allegedly erroneous instruction. This court considered whether the instruction was erroneous, held that it was not and that the trial court had erred in granting the new trial for that reason. The court declined to consider another allegation of error not assigned as error in the motion. In Goodman, supra, the trial court sustained plaintiff's motion for new trial and defendant appealed. The plaintiff failed to support the trial court's action in sustaining his motion for new trial for the assigned reason of error in admission of incompetent and prejudicial evidence not objected to by plaintiff at the trial. This court considered the evidence and whether it was competent and considered whether the trial court had erred in admitting it. The Court held that the evidence was competent considering the theory on which the case was tried, and that the court had erred in granting the new trial. In Ridenour, supra, a suit to cancel deeds and to quiet title tried by the court, the

trial court sustained plaintiffs' motion for new trial more than 30 days after it was filed and defendants appealed. The plaintiffs failed to support the trial court's action in sustaining their motion for new trial for the reason assigned by the court in its order. However, this court considered other grounds assigned in plaintiffs' motion as reasons for sustaining the order granting a new trial and affirmed the order of the trial court. In that case plaintiffs' motion did not allege as grounds for new trial the reason given by the court for sustaining the motion. This court concluded that the order granting the new trial for the specified reason was on the court's own motion and not having been made within thirty days the court exceeded its authority. Section 510.-370, RSMo 1959, V.A.M.S.; Civil Rule 75.01. The court went on to hold that plaintiffs have failed to sustain or support their contention that the ground specified in the trial court's order was within other *general* assignments of error, and then considered and ruled upon what were, apparently, *specific* allegations of error preserved for appellate review in plaintiffs' motion. Ridenour, supra, in effect, infers that this court would have considered the referred to *general* allegations of plaintiffs' motion since the motion was sustained, but that because plaintiffs failed to sustain or support their contention the ground specified by the trial court in its order was within those general assignments it would not do so. In Roberts, supra, a service letter case and a sequel to Roberts v. Emerson Electric Mfg. Co., Mo., 338 S.W.2d 62, hereinafter referred to, the trial court sustained plaintiff's motion for new trial and defendant appealed. As to some of the reasons assigned by the trial court for sustaining plaintiff's motion it is said (362 S.W.2d, 1. c. 582[2]) that the trial court's order does not meet the requirement of § 510.370 and Civil Rule 75.01 that every order granting a new trial specify the grounds therefor; that where it does not so specify the presumption is that the trial court erroneously granted the new trial on those grounds and the burden of supporting the action of the court is on respondent.

Civil Rule 83.06(b). As to these grounds the Court said plaintiff made no effort to support the trial court's action, inferring that if the plaintiff had made an effort to support those grounds the court would have considered them. The giving of a cautionary instruction offered by defendant was alleged by plaintiff to be error and assigned by the trial court as one of the reasons for granting a new trial. This Court held that the instruction was properly given and that the trial court erred in sustaining plaintiff's motion for that reason and the case was reversed and remanded for that and other reasons.

■ The plaintiff contends that the trial court did not have jurisdiction to sustain the motion for new trial on its own motion more than 30 days after judgment and cites Civil Rule 75.01. The rule is not applicable here and the point is ruled against plaintiff.

Plaintiff contends that when Instruction No. 2 and Instruction No. 1 are read together it is clear that the court erred in sustaining defendant's motion for new trial for the reason assigned, i. e., for the giving of Instruction No. 2. The two instructions follow, instruction No. 1 being:

"The Court instructs the jury that if you find and believe from the evidence that plaintiff was employed by defendant as an assistant cook for more than six months prior to his discharge, and that after his discharge, in writing, he requested defendant to give him a service letter, and that defendant gave him the letter identified in evidence as Exhibit 3; and if you find that said letter did not state the true reason of plaintiff's discharge; and if you find that plaintiff did not violate defendant's rule prohibiting the removing of food from the kitchen and did not violate a rule of displaying the contents of a package to the food checker on the 14th floor, if you find that either of said rules, in fact existed, then you are instructed that under the law plaintiff is presumed to have sustained nominal actual damages,

and you should find in his favor for a nominal amount of actual damages."; and instruction No. 2 being:

"The Court instructs the jury that if under Instruction No. 1 you find for the plaintiff, and if you further find that defendant acted willfully, maliciously and wrongfully, and without legal justification or excuse, you may award plaintiff punitive damages in such sum as you may think proper under the evidence to punish defendant for said wrongful act and to serve as a warning to deter defendant and others from committing like wrongs in the future; and in assessing such damages you may take into consideration the net financial worth of the defendant."

■ Defendant contends that the giving of instruction No. 2 was error for the reason the instruction did not limit the wrongful act of defendant for which plaintiff would be entitled to punitive damages to the one and only act of failure to state in the service letter the true reason for plaintiff's discharge; that the instruction permitted the jury to consider as wrongful and malicious another act of defendant (i. e., plaintiff's discharge by defendant) and assess punitive damages for that act. The instruction is subject to the objection made by defendant and the giving of the instruction was prejudicial error for which the trial court properly sustained defendant's motion for new trial. See Roberts v. Emerson Electric Mfg. Co., Mo., 338 S.W.2d 62, 70 [8] in which this court was considering a punitive damage instruction quite similar to instruction No. 2 and the objection that it did not limit the wrongful acts to the failure of defendant to issue a service letter stating the true reason for plaintiff's discharge. The Court said there: " * * * it seems fairly certain that the jury did not understand that the 'wrongful acts' of the defendant was in fact only one matter, viz., defendant's failure, if any to have furnished a proper service letter, and that plaintiff was not entitled to any damages, actual or punitive, by reason of any other 'wrongful acts' of defendant which the jury might find defendant had committed as to plaintiff, including e. g., failure to have continued plaintiff in its employ irrespective of plaintiff's actions with respect to the temperature records." For that and other reasons it was held that the instruction was reversibly erroneous.

Instruction No. 2 submits that the jury may find that defendant acted willfully, maliciously and wrongfully (1) in discharging plaintiff, and (2) in failing to furnish a service letter stating the true reason of plaintiff's discharge. For only one of these acts could the jury assess punitive damages, i. e., failure to furnish a service letter stating the true reason for discharge, and it seems fairly certain that the jury did not understand that the wrongful act, if any, of defendant was confined to this act alone and that they were not to consider any other act of defendant they might deem wrongful in assessing damages.

Plaintiff contends that instruction No. 2 does not refer to wrongful *acts* of the defendant as does the instruction in the Roberts case last mentioned. The instruction in the case at bar does not use the plural form of the word but contrary to his contention the instruction does refer to acts for the word "acted", as used in the instruction, refers to and includes one, or more, acts, when read with instruction No. 1. And that act or those acts may be either his discharge or the failure to furnish a service letter stating the true reason for discharge or both, the first of which the jury may not consider in assessing punitive damages.

■ In assuming for the sake of argument only that the jury may have considered his discharge as a wrongful act for which it might award punitive damages, plaintiff contends that instruction No. 4 offered by defendant and given invited the jury to consider that act and that defendant's objection to instruction No. 2 is common to its own instruction. Instruction No.

4 submits facts which, if found by the jury, would preclude the existence of malice on the part of defendant in stating the reason for plaintiff's discharge in the service letter furnished him; the instruction does not submit *whether the true reason was stated* as justification for the discharge, but rather whether defendant *had reasonable grounds to believe and did believe* that when the letter was written the true reason was stated. In the absence of malice on the part of defendant in failing to state the true reason for plaintiff's discharge punitive damages could not be awarded. Franta v. Hodge, Mo.App., 302 S.W.2d 291 and cases there cited. The instruction did not join in the error complained of in instruction No. 2 and the point is ruled against plaintiff.

For the reasons stated, the order of the trial court sustaining the motion for new trial, setting aside the verdict and judgment and granting a new trial is affirmed and the cause is remanded for further proceedings.

All concur.

LEEDY, J., not sitting.