Helen Patricia HUNT, Appellant,

v.

Basil Dean HUNT, Respondent.

No. 24021.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

Jayne & Oswald, Kirksville, for appellant.

C. M. Hulen, Moberly, Edwards, Hess & Collins, Macon, for respondent.

HUNTER, Judge.

This is an automobile negligence case brought on the res ipsa loquitur doctrine by appellant, Helen Patricia Hunt against Basil Dean Hunt. On August 30, 1958, appellant (then single but who married respondent on June 24, 1959) was riding as a guest passenger in a 1955 Chevrolet automobile being operated by respondent in a southeasterly direction on U.S. Highway No. 63 in Schuyler County, Missouri, when, according to the import of her evidence, respondent *negligently caused or permitted the automobile to leave the paved road surface and to turn over, injuring appellant.*

The trial began July 25, 1963. At the close of all the evidence the court instructed the jury and appellant made only general objections to the instructions offered by respondent, including Instruction No. P–10. The jury verdict and judgment were for appellant in the sum of $6,000.

Respondent's motion for a new trial filed on August 9, 1963, was sustained on November 5, 1963, by the trial court which declared that "as grounds therefor the court finds Instruction P–10 specified in paragraph 11 of Defendant's Motion for new trial to be erroneous because said instruction was misleading and confusing in that it told the jury that plaintiff had met the burden of proof if the jury found the facts submitted in Instruction No. P–1 'from the evidence in favor of plaintiff', which eliminated the requirement that the jury consider all of the credible evidence in making its findings."

On this appeal appellant contends the trial court erred in sustaining respondent's motion for a new trial by assigning error in the giving of Instruction P–10 because respondent failed to raise specific objections to Instruction P–10 at the trial or in his motion for a new trial, and particularly in paragraph 11 thereof and the trial court's order sustaining the motion for new trial assigned as error a legal ground or proposition nowhere contained in it.

Instruction P–10 provided: "On the meaning of burden of proof as submitted by Instruction No. D–9, you are instructed that if you believe and find *from the evidence in favor of plaintiff*, the propositions and issues to be as outlined and required by Instruction No. P–1, the Plaintiff has met and carried such burden of proof and it would be your duty to so find. And on the issue of negligence of Defendant, you are instructed that negligence need not be proved by direct testimony, but negligence may be inferred by the Jury from the facts and circumstances in evidence in the case." (Italics ours.)

The only portion of the motion for new trial that mentions Instruction P–10 reads: "11. *The Court erred by giving Instruction P–10,* at the request of plaintiff and over defendant's objection, *because that instruction is confusing, misleading and repetitious, and* is contradictory of and repugnant to Instruction D–9. Further, Instruction P–10 *is not a correct statement of the law and,* when read with Instruction D–9 it *is so confusing and contradictory as to be misleading* and resulting in no instruction at all, which is understandable on the burden of proof. Furthermore, Instruction P–10 submitted to the jury a confusing counter-burden of proof instruction which creates a vicious circle and makes the jury feel that the burden of proof instruction is an issue in the case. The last sentence of Instruction P–10 is in error as it assumes the truth of 'the facts and circumstances in evidence in the case' and authorizes the jury to infer negligence from 'facts and

circumstances in evidence' without requiring the jury to find that the same were true."

■ A comparison of paragraph 11 of the motion for new trial with the trial court's assigned reason for sustaining the motion reveals the trial court did not sustain it upon any *specific* ground mentioned in the motion. Rather, the only ground the trial court referred to in sustaining the motion that was contained therein is that Instruction P–10 is erroneous "because said instruction is misleading and confusing." This type of objection and language has consistently been held to be only a general objection rather than a specific one, and this for the reason the "objection" fails to point out with any degree of definiteness what is actually claimed to be wrong with the instruction in such a manner that the trial and appellate courts may immediately perceive the point. Ayres v. Keith, Mo.Sup., 355 S.W.2d 914, 917; Sullivan v. Hanley, Mo.App., 347 S.W.2d 710, 711. Thus, the trial court granted a new trial eighty-eight days after the motion for a new trial was filed and did so by including in its specific reason the *general* ground contained in the motion that Instruction P–10 is not a correct statement of the law (erroneous) and is misleading and confusing.

As further illuminated in her brief appellant asserts Supreme Court Rules 70.02 and 79.03, V.A.M.R., prevent a trial court from granting a new trial after thirty days after the entry of the judgment because of an erroneous instruction if the objector failed to make a specific objection to the instruction at the trial before submission to the jury or in the motion for new trial, and cannot grant one upon a specific ground not so made at the trial or in the motion for a new trial.[1]

All of these contentions of appellant have been answered by our Supreme Court, En Banc, in the recent decision of Woods v. Kansas City Club, 386 S.W.2d 62, decided December 14, 1964. In that case the trial court sustained respondent's motion for a new trial on the 90th day after it was filed "for error in giving plaintiff's Instruction No. 2." Only general objections had been made to this instruction at the time it was offered at the trial and only general objections were contained in the motion for a new trial. The record shows the following entry at the close of all the evidence: "The Court: Let the record show that the Court gives instructions numbered one, two and three offered by the plaintiff, to the giving of *which* (sic) each of which the defendant duly objects and excepts." The pertinent portion of defendant's motion for new trial is: "Because the court erred in giving instructions numbered one, two and three at the request of the plaintiff and over the objections of the defendant." On appeal appellant asserted Civil Rules 70.02 and 79.03 require that specific allegations of error must be stated in the motion for new trial to preserve these errors for review by either the trial court or appellate court, and contended the trial court was "without authority" to sustain defendant's motion for a new trial and that defendant was "without right" on appeal to support the court's order sustaining the order.

In rejecting this contention the Supreme Court stated, "We hold that neither Rule limits or restricts the trial court's right to pass on its own errors. Civil Rule 79.03 prescribes, inter alia, when it is necessary that specific allegations of error in instructions must be set forth in the motion for new trial in order to preserve the error for *appellate* review. What was said by the

---

1. Rule 79.03: "If any specific objections to instruction[s] have not been made at the trial before submission to the jury, then such specific allegations of error in instructions must be set forth in the motion for a new trial to preserve the error for review."

Rule 70.02: " * * * but specific objections shall not be required before submission to the jury as a condition of preserving error for review on after trial motion, or on review by an appellate court, if they are set forth in the motion for a new trial."

St. Louis Court of Appeals in White v. Metropolitan Life Insurance Company, Mo. App., 218 S.W.2d 795, 798[2], before the adoption of Civil Rule 79.03 which supplanted Supreme Court Rule 3.23 referred to therein, is as true today as it was then. In that case, where the plaintiff-appellant made the same contention as is made in this, the Court correctly stated at 1. c. 798: 'As for the contention that the motion for a new trial was *insufficient* under Rule 3.23 of the Supreme Court, appellant overlooks the fact that the rule has to do with the sufficiency of such motions for appellant (sic) review and the trial court's right to pass upon its own errors is not limited by the rule.'

"Defendant's motion for a new trial was *sustained* and defendant granted a new trial. On an appeal from an order sustaining a motion for new trial it has been said by this Court 'that within the limit of the record brought up for review " * * * it is not only our prerogative, but obvious duty, to review the action of the circuit court, and determine from the law and the facts of the case whether the circuit court exercised a sound judicial discretion * * *" in granting the defendant a new trial. Merriam v. St. Louis, C. G. & Ft. S. Ry. Co., 136 Mo. 145, 36 S.W. 630, 631. See also Bushman v. Bushman, 311 Mo. 551, 279 S.W. 122, 125(2).' Loveless v. Locke Distributing Company, Mo., 313 S.W.2d 24, 27(2). Defendant's motion for new trial having been sustained and it having been granted a new trial it is our duty to review, and we do review, the action of the trial court in granting defendant a new trial for the giving of an alleged erroneous instruction offered by the plaintiff." * * * "The plaintiff contends that the trial court did not have jurisdiction to sustain the motion for new trial on its own motion more than 30 days after judgment and cites Civil Rule 75.01. The rule is not applicable here and the point is ruled against plaintiff."

■ As we interpret the Woods case, supra, it at least holds a trial court does have jurisdiction and power to sustain a motion for a new trial more than thirty days after judgment but not over ninety days thereafter on the basis the trial court erred for a specific and stated reason in giving a generally objected to instruction even though only a general objection included within that specific and stated reason was contained in the motion for new trial. And on appeal the party so objecting to the instruction will be permitted to support the trial court's action.

■ We need not here explore the Woods case further. It disposes of appellant's first contention, and, under its authority we rule that contention to be without merit.

Appellant next contends that if Instruction P–10 is erroneous, it is not reversibly so because respondent's Instruction D–9 on burden of proof contained error which was common with and invited error, if any, in Instruction P–10.

■ It is clear that Instruction P–10, the verdict directing instruction, is erroneous for it restricts the jury in its consideration to plaintiff's evidence rather than have it consider all of the credible evidence. Similar language was held erroneous in Knipp v. Mankin, Mo.Sup., 336 S.W.2d 371, 373.

Turning to the doctrine of common or invited error, in Myers v. Buchanan, Mo. Sup., En Banc, 333 S.W.2d 18, 23, the court stated, " 'Defendant invokes the well-established rule that one party in a case cannot complain or take advantage of erroneous instructions given for his adversary when his own instructions contain the same erroneous theory of the law. * * * Such rule, however, should be applied with discretion. The underlying reason of the rule is that one party cannot predicate error on an instruction declaring a theory of the law which he himself has adopted and invited and induced the court and his adversary to adopt. It is sort of a judicial setoff of one error against a similar error, or more properly applied when the court finds that both

parties have used or tried to use the same erroneous view of the law to his own advantage, in which case this court will not aid either party, but will leave them where they have put themselves.' " (Italics omitted.) In 5 C.J.S. Appeal and Error § 1507 (3), page 928, in discussing the rule of invited error it is stated, "It has been said, however, that the general rule above stated should be applied with discretion, and it is inapplicable where the instruction complained of contains a new and distinct error. The rule that a party cannot complain of error in an instruction, if instructions given at his request contain the same error, is limited in its application to cases where the instructions complained of and the ones with which it is compared refer to the same principle of law based on the same assumption of facts and contain the same error."

The mentioned Instruction D–9 reads: "The court instructs the jury that the burden of proof is on the Plaintiff to show by the greater weight of the evidence that she was injured by the negligence of the Defendant. You should not find that the Defendant was negligent from the mere fact of the occurrence shown by the Plaintiff's evidence, if you find and believe from all of the evidence in the case that the Defendant was not negligent, and if you do find and believe from all of the evidence in the case that the Defendant was not negligent, then your verdict should be for the Defendant."

■ Appellant argues she was confronted with an instruction, D–9, using argumentative language "mere fact of the occurrence" in such a way as to deprive her of her right to have the jury infer negligence from the facts and circumstances of the

case and that this invited her to commit the alleged error in Instruction P–10.[1] However, it is immediately apparent that *Instruction D–9* does not eliminate the legal requirement that the jury consider all of the credible evidence in arriving at its verdict. Yet this is what Instruction P–10 does. Thus, assuming Instruction D–9 is erroneous (a question we need not now resolve) it does not contain the same error, nor the same theory or defect as that contained in P–10 and cannot fairly or reasonably be said to have invited the particular error contained in P–10. Under such circumstances the doctrine of common or invited error is not applicable, and the trial court did not err in so holding.

■ Respondent claims the right to support the trial court's action in sustaining the motion for new trial by urging additional alleged errors contained in the motion for new trial but not assigned by the trial court as reasons for sustaining that motion. Appellant concedes respondent has that right, which concession is in accordance with the decisions on the subject. See, Overton v. Tesson, Mo.Sup., 355 S.W.2d 909, 913; Cantwell v. Zook, Mo.Sup., 250 S.W.2d 980, 981. However, these alleged errors are of such a nature that on a new trial they are not likely to recur or to arise in the same manner. It would serve no practical purpose to review them and we refrain from doing so.

The judgment is affirmed.

All concur.

BROADDUS, J., not participating.

---

1. See, Wise v. St. Louis Public Service Company, Mo.Sup., 357 S.W.2d 902, 905, concerning effect of such language as "mere fact of the occurrence"; and see, Myers v. Buchanan, Mo.Sup., 333 S.W.2d

18, 25. Fortunately as of January 1, 1965, the new Missouri Approved Jury Instructions will be effective, preventing the use of such an instruction as D–9 and P–10.